IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KERALINK INTERNATIONAL, INC. | * | |
| | * | |
| v. | * | Civil No. CCB-18-2013 |
| | * | |
| STRADIS HEALTHCARE, LLC | * | |

## MEMORANDUM

Currently pending before the court is a motion to dismiss for lack of personal jurisdiction filed by third-party defendant Kareway Product, Inc. ("Kareway"). This dispute arises between KeraLink International, Inc. ("KeraLink"), a Maryland corporation and Stradis Healthcare, LLC ("Stradis"), a Georgia corporation. After suit was initiated, Stradis moved to join Kareway, a California corporation, as a third-party defendant. Stradis also moved to join Insource, Inc. ("Insource") and Geri-Care Pharmaceuticals Corporation ("Geri-Care") as third-party defendants. Neither Insource nor Geri-Care joined Kareway in this motion to dismiss. For the reasons outlined below, Kareway's motion to dismiss for lack of personal jurisdiction will be granted. The issues have been briefed and no oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2018).

## BACKGROUND

KeraLink, a national network of eye banks, is headquartered in Baltimore, Maryland. (Third-party Compl. ¶¶ 1, 12, ECF No. 10). KeraLink recovers and distributes ocular tissue for use in corneal transplants. (*Id.* ¶ 14). KeraLink purchases the medical supplies it needs to preserve and distribute ocular tissue from various vendors. (*Id.* ¶ 15). Stradis, one of KeraLink's

1

vendors, provides KeraLink with surgical packs. (*Id.* ¶ 16). These packs contain all the supplies recipient hospitals and physicians need to perform a corneal transplant. (*Id.* ¶ 15).

This litigation arises from the inclusion of contaminated sterile eye wash ("GeriCare Eye Wash") in sterile surgical packs KeraLink purchased from Stradis. (*Id.* ¶¶ 18–21). On October 27, 2017, the Eye Bank Association of America notified its members that batches of GeriCare Eye Wash may be contaminated by bacteria. (*Id.* ¶ 20). Federal regulations prohibit the use of contaminated ocular tissue. (*Id.* ¶ 21). KeraLink, therefore, quarantined ocular tissue that had been recovered using GeriCare Eye Wash. (*Id.*). All told, KeraLink could not use 61 live-cell tissues and 860 long-term tissues that had been exposed to GeriCare Eye Wash. (*Id.* ¶ 22). KeraLink also could not use 182 sterile surgical packs that it had previously purchased from Stradis that contained GeriCare Eye Wash. (*Id.* ¶ 23). In total, KeraLink alleges that it has sustained no less than $600,000.00 in damages. (*Id.* ¶ 26).

On January 29, 2018, KeraLink learned that Kareway, a California corporation, was the source of the affected GeriCare Eye Wash. (*Id.* ¶¶ 3, 24).[1] KeraLink brought a claim against Stradis. (*Id.* ¶ 25; ECF No. 1). Stradis subsequently sought to join Kareway as a third-party defendant. (ECF No. 10).

## STANDARD OF REVIEW

"When personal jurisdiction is properly challenged under Rule 12(b)(2), the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove

---

[1] Stradis's third-party complaint against Kareway states that, upon information and belief, Kareway "distributed the affected eye wash to Stradis." But information provided by Kareway revealed that Kareway received an order from Geri-Care for eye wash and Kareway fulfilled Geri-Care's order by sourcing eye wash from Sprinkle Co., Ltd. in South Korea. (Hong Aff. ¶¶ 4–6, ECF No. 19-2). Kareway received the eye wash from Sprinkle Co., Ltd. in California and subsequently shipped the eye wash to Geri-Care in New York. (*Id.* ¶ 6). Presumably, upon receiving the eye wash from Kareway, Geri-Care then sold the eye wash to Stradis. Stradis has not contested Hong's affidavit.

2

grounds for jurisdiction by a preponderance of the evidence." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (citing *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59–60 (4th Cir. 1993)). If the court resolves the personal jurisdiction question without an evidentiary hearing, "the plaintiff need only make a prima facie showing of personal jurisdiction." *Carefirst*, 334 F.3d at 396 (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)). In assessing whether the plaintiff has carried this burden, the court resolves all disputed facts and reasonable inferences in the plaintiff's favor. *Carefirst*, 334 F.3d at 396 (citing *Mylan Labs.*, 2 F.3d at 60).

## ANALYSIS

A court may exercise personal jurisdiction over a nonresident defendant if the state's long-arm statute grants jurisdiction and the exercise of jurisdiction would not contravene the Due Process Clause. *Carefirst*, 334 F.3d at 396. Maryland's long-arm statute is coextensive with "the limits of personal jurisdiction set by the due process clause of the Constitution." *Id.* The court's statutory inquiry therefore merges with the court's analysis of the Due Process Clause. *Id.* Because the court finds that the exercise of personal jurisdiction over Kareway would offend the Due Process Clause, the court need not resolve whether § 6-103(b)(4) of Maryland's long-arm statute would grant jurisdiction. Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(4).[2]

Consonant with the Due Process Clause, the court may exercise personal jurisdiction over a nonresident defendant if the defendant has sufficient "minimum contacts" with the forum so that haling the defendant to court in the forum state "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The

---

[2] "A court may exercise personal jurisdiction over a person, who directly or by an agent . . . [c]auses tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State." § 6-103(b)(4).

3

standard for the court's exercise of personal jurisdiction varies based on whether the defendant's contacts with the forum state are the genesis of the cause of action. *Carefirst*, 334 F.3d at 397. If the suit arises out of the defendant's contacts with the forum state, the court may exercise specific jurisdiction. *Id.* To determine whether specific jurisdiction exists, the court considers: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the forum state; (2) whether the plaintiff's claims [arose] out of those activities; and (3) whether the exercise of personal jurisdiction is constitutionally reasonable." *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 559 (4th Cir. 2014) (citing *Tire Eng'g v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 301–02 (4th Cir. 2012)). If, however, the defendant's contacts with the forum state do not give rise to the cause of action, the plaintiff must show that the court has general jurisdiction over the defendant. *Id.* General jurisdiction is appropriate when the defendant's contacts with the forum state are so "continuous and systematic" as to as to "render [the nonresident defendant] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The court considers specific and general jurisdiction in turn.

Stradis makes three principal arguments in support of the court's exercise of specific jurisdiction over Kareway. First, Kareway designed GeriCare Eye Wash and placed it into the stream of commerce with the intention or expectation that it would reach Maryland. (Mem. P. & A. Opp'n Kareway's Mot. Dismiss ["Stradis's Opp'n"] at 2, 5–6, ECF No. 23). Second, Kareway sells many of its products through national retailers, such as Amazon and Wal-Mart, that have a presence in Maryland. (*Id.* at 6–7). Third, Kareway's website is available to Maryland customers. None of Stradis's arguments are convincing. (*Id.*).

A majority of the Supreme Court has yet to agree on the circumstances in which a

4

stream-of-commerce theory may support specific jurisdiction. *See J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873 (2011) (no controlling opinion); *ALS Scan, Inc. v. Digital Service Consultants, Inc.*, 293 F.3d 707, 713 (4th Cir. 2002). But it is clear that a court may only exercise specific jurisdiction over a nonresident defendant who "purposely availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *see McIntyre*, 564 U.S. at 877 (plurality opinion) (citing *Hanson*, 357 U.S. at 253); *see McIntyre*, 564 U.S. at 889 (Breyer, J., concurring in judgment). Merely placing a product into the stream of commerce, even if it is foreseeable that the product will end up in the forum state, is not enough. *See McIntyre*, 564 U.S. at 877 (plurality opinion); *id.* at 888–89 (Breyer, J., concurring in judgment); *see also ESAB Group, Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 392 (4th Cir. 2012).

Stradis has not sufficiently alleged that Kareway targeted Maryland or that "something more" than mere foreseeability evidenced Kareway's purposeful availment of the privilege of conducting business in Maryland. *McIntyre*, 564 U.S. at 882, 889. Stradis does not contest that GeriCare Eye Wash was both produced and sold to Stradis outside of Maryland. (Mem. P. & A. Supp. Kareway's Mot. ["Kareway's Mot."] at 3, ECF No. 19-1; Hong Aff. ¶¶ 4–6, ECF No. 19-2). In fact, Stradis has not contested Kareway's assertion that Kareway sold the GeriCare Eye Wash to Geri-Care in New York, which then sold the eye wash to Stradis. (Hong Aff. ¶¶ 4–6). And, Stradis has presented no evidence that Kareway specifically directed the sale of GeriCare Eye Wash to Maryland consumers. Instead, Stradis's arguments focus predominately on the sale of other Kareway products—none of which are related to the current litigation—within Maryland. (Stradis's Opp'n at 6–7). Specific jurisdiction exists only when the litigation arises out of defendant's contacts with the forum state. *Bristol-Myers Squibb Co. v. Superior Court of*

5

*California*, 137 S.Ct. 1773, 1781 (2017) (holding that when there is no connection between defendant's contact with the forum state and the underlying controversy, specific jurisdiction does not exist "regardless of the extent of a defendant's unconnected activities in the State"). Stradis's stream-of-commerce theory, therefore, fails because Stradis has not shown that Kareway intentionally directed GeriCare Eye Wash to Maryland in a manner that rises to the level of purposeful availment.

For this same reason, Stradis's remaining arguments for specific jurisdiction also falter. Specific jurisdiction cannot be based on Kareway's sale of products unrelated to this suit in Maryland. Kareway's sale of products to national retailers, such as Amazon and Wal-Mart, that have Maryland branches does not alter the specific jurisdiction analysis because Stradis has not alleged that Kareway sells GeriCare Eye Wash to these retailers. (*See* Stradis's Opp'n at 2, 4, 6–7).[3] Stradis only alleges that Kareway sells its "flagship brands"—Pure-Aid and Epielle—at Wal-Mart and its general products on Amazon. (*Id.* at 4; *id.* at Ex. 2–4). Similarly, Stradis emphasizes that Kareway maintains a website that is accessible to Maryland customers. But

---

[3] Stradis relies on *Jones v. Boto Co.*, 498 F. Supp. 2d 822 (E.D. Va. 2007). (*Id.* at 7). But *Jones* is neither binding authority nor prescient to the facts of this case. The dispute in *Jones* arose from a Chinese manufacturer's sale of defective artificial Christmas trees. Because the plaintiff bought the defective Christmas tree that caused his injury from a Wal-Mart in Virginia, and because the manufacturer could foresee that selling the trees to Wal-Mart might result in their sale in Virginia, even though the manufacturer did not specifically direct the trees to Virginia, the *Jones* court held specific jurisdiction existed. By contrast, Stradis has not alleged that Kareway sells GeriCare Eye Wash to national retailers. Instead, Kareway sells GeriCare Eye Wash to vendors such as Geri-Care, whose national reach is far less ubiquitous or certain than Wal-Mart or Amazon. And, *Jones* predates *McIntyre*, which not only clarified that mere foreseeability that a product would end up in the forum state does not rise to purposeful availment, but also left this question unanswered: "does it matter if, instead of shipping the products directly, a company consigns the product through an intermediary (say, Amazon.com) who then receives and fulfills the orders? . . . [this issue is] totally absent in this case." *McIntyre*, 564 U.S. at 877 (plurality opinion); *id.* at 888–89, 890 (Breyer, J., concurring in judgment); *see also ESAB Group*, 685 F.3d at 392. Stradis's reliance on *Jones* is, therefore, unavailing.

Stradis has not alleged that Kareway sells GeriCare Eye Wash on its website. (Stradis's Opp'n at 4, 7; *Id.* Ex. 1). Under Fourth Circuit precedent, the maintenance of a website through which customers can purchase a corporation's products may create specific jurisdiction, but only if "that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts." *ALS Scan*, 293 F.3d at 713–15. Because this dispute arises from the sale of GeriCare Eye Wash, and not any of the litany of other products sold on Kareway's website, Stradis has not stated sufficient grounds for the court to exercise specific jurisdiction. *See id.*

Stradis does not clearly set forth an argument for the court's exercise of general jurisdiction over Kareway. (*See* Stradis's Opp'n 6–8 (focusing on purposeful availment)). General jurisdiction is appropriate when a corporation is incorporated in or has its principal place of business in the forum state. *Daimler*, 571 U.S. at 137. Kareway is neither incorporated nor headquartered in Maryland. (Kareway's Mot. at 3). And beyond these two bases, general jurisdiction will exist only if a corporation's contacts with the forum state are "so substantial and of a such a nature as to render the corporation at home in that State." *Id.* at 139 n.19. The mere sale of products within the forum state is insufficient. *Goodyear*, 564 U.S. at 930 n.6. General jurisdiction is only appropriate when a nonresident defendant's contacts with the forum state are so ubiquitous that the nonresident defendant is "comparable to a domestic enterprise in that state." *Daimler*, 571 U.S. at 133 n.11. Kareway's sale of GeriCare Eye Wash to Geri-Care, which in turn sold it to Stradis, Kareway's sale of products to national retailers that distribute their goods in Maryland, and Kareway's maintenance of a website that is accessible to Maryland customers are all too attenuated contacts with Maryland to establish general jurisdiction.

As a final matter, Stradis has asked the court for jurisdictional discovery. (Stradis's Opp'n at 8). "Discovery under the Federal Rules of Civil Procedure is broad in scope and freely

7

permitted." *Carefirst*, 334 F.3d at 402 (citing *Mylan Labs.*, 2 F.3d at 64). But district courts "have broad discretion in [their] resolution of discovery problems that arise in cases pending before [them]." *Mylan Labs.*, 2 F.3d at 64 (quoting *In re Multi-Piece Rim Prods. Liab. Litig.*, 653 F.2d 671, 679 (D.C.Cir. 1981)). A district court does not abuse its discretion in denying jurisdictional discovery when the "additional information" sought would not "alter [the] analysis of personal jurisdiction." *Carefirst*, 334 F.3d at 403. Here, Stradis argues that jurisdictional discovery may reveal "information regarding the revenue derived by Kareway as a result of the sale of its products in Maryland, or the length of time Kareway has been selling its products in Maryland." (Stradis's Opp'n at 8). As detailed above, the general sale of products within the forum state is insufficient to support general jurisdiction, and the sale of products unrelated to the cause of action is insufficient to support specific jurisdiction. Stradis has neither proposed to investigate whether Kareway sells GeriCare Eye Wash directly in Maryland, nor suggested that there is any reason to suspect that the description of Kareway's sale of GeriCare Eye Wash to Geri-Care, which in turn sold it to Stradis, is inaccurate. *See ALS Scan*, 293 F.3d at 716 n.3 (upholding the district court's denial of jurisdictional discovery in part because the party seeking discovery had not suggested that affidavits already before the court were inaccurate). Because further information regarding the sale of unrelated products in Maryland would not alter the court's jurisdictional analysis, jurisdictional discovery will be denied.

## CONCLUSION

For the reasons stated above, the third-party defendant's motion to dismiss for lack of personal jurisdiction will be granted. A separate order follows.

12/26/18  
Date

*CCB*  
Catherine C. Blake  
United States District Judge