IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KERALINK INTERATIONAL, INC., | * | |
| | * | |
| v. | * | Civil No. CCB-18-2013 |
| | * | |
| STRADIS HEALTHCARE, LLC, *et al*. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

Keralink International, Inc. ("Keralink") filed suit against Stradis Healthcare, LLC ("Stradis") and Geri-Care Pharmaceuticals Corporation ("Geri-Care"), alleging tort and contract claims. (ECF 75).[1] Stradis filed a third-party complaint against Insource, Inc. ("Insource") and Geri-Care for contribution. (ECF 10).[2] Now pending is Stradis's motion for leave to file an amended third-party complaint. (ECF 66). Geri-Care opposes the motion, (ECF 68), and Stradis has replied, (ECF 71). Keralink consents to the filing of the amended third-party complaint, and Insource has neither consented to nor opposed the motion. (ECF 66 ¶ 8). For the reasons explained below, the motion will be granted in part and denied in part.

**BACKGROUND**

Keralink, a national network of eye banks, is headquartered in Maryland. (Second Amended Complaint ("SAC") ¶ 6, ECF 75). Keralink recovers and distributes ocular tissue for use in corneal transplants, (*id*.), and purchases the medical supplies it needs to preserve and distribute ocular tissue from various vendors, (*id*. ¶ 10). Stradis, one of Keralink's vendors,

---

[1] Keralink's original complaint brought claims only against Stradis, (*see* ECF 1), but Keralink has since added Geri-Care as a defendant, (*see* ECF 58 (first amended complaint); ECF 75 (second amended complaint)).

[2] Stradis also named as a third-party defendant Kareway Product, Inc. ("Kareway"). (ECF 10). The court previously dismissed the third-party complaint as to Kareway for lack of personal jurisdiction, (ECF 35, 36), and Kareway is no longer a party to this case.

provided Keralink with surgical packs. (*Id*.). These packs contained supplies that Keralink used to recover corneal tissue from deceased donors. (*Id*. ¶ 13).

This litigation arises from the inclusion of contaminated sterile eye wash ("Geri-Care Eye Wash") in sterile surgical packs Keralink purchased from Stradis. (SAC ¶¶ 16–17). In October 2017, the Eye Bank Association of America notified its members that batches of Geri-Care Eye Wash may be contaminated by bacteria. (*Id*. ¶ 22). As federal regulations prohibit the use of contaminated ocular tissue, Keralink quarantined ocular tissue that had been recovered using Geri-Care Eye Wash. (*Id*. ¶¶ 23–24). All told, Keralink could not use 61 live-cell tissues and 860 long-term tissues that had been exposed to Geri-Care Eye Wash. (*Id*. ¶ 24). Keralink alleges that it has sustained no less than $600,000 in total damages. (*Id*. ¶ 28).

Stradis subsequently filed a third-party complaint against Insource and Geri-Care,[3] seeking indemnification and contribution. (ECF 10). Stradis alleged that third-party defendants Insource and Geri-Care "designed, tested, packaged, labeled, manufactured, distributed, supplied and/or produced the GeriCare Eye Wash identified in the Complaint," (*id*. ¶¶ 28–29), and brought one count of "Indemnification and Contribution" against the third-party defendants. The proposed amended third-party complaint, which is attached to Stradis's motion, adds three new claims against Geri-Care: strict products liability, breach of implied warranty, and breach of express warranty. (*Id*. ¶ 6; ECF 66-2).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given "when justice so requires." Therefore, "leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the

---

[3] Stradis also named Kareway as a third-party defendant, but the court dismissed the claim for lack of personal jurisdiction. *See supra* note 2.

moving party, or amendment would be futile." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009). An amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). For example, "[t]here is no error in disallowing an amendment when the claim sought to be pleaded by amendment plainly would be subject to a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 420–21 (4th Cir. 1990).

## ANALYSIS

Geri-Care first argues that Stradis's motion should be denied because Stradis has not provided a justification for its delay in amending the third-party complaint. But this argument fails, as the motion was timely filed pursuant to the court's scheduling order. (*See* ECF 63).[4] Geri-Care's remaining argument is that Stradis's motion should be denied as futile, as the new claims could not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Specifically, Geri-Care argues that (1) the strict liability claim is barred by the economic loss doctrine, and (2) Stradis alleges insufficient facts to establish the breach of express warranty claim.[5]

In Maryland, "a purchaser suffering only economic loss [is] ordinarily [] unable to bring a tort action for negligence or in strict liability." *See A.J. Decoster Co. v. Westinghouse Elec. Corp.*, 333 Md. 245, 250 (1994) (citation omitted).[6] The economic loss doctrine, however, does not apply to "purchasers claiming physical injury or harm to tangible things." *Id*. Stradis argues that the economic loss doctrine does not bar its strict liability claim against Geri-Care because

---

[4] In the December 16, 2019, scheduling order, the court gave the parties until January 16, 2020, to amend their pleadings. (ECF 63). Stradis filed the instant motion on January 16, 2020.
[5] As Geri-Care does not argue that the breach of implied warranty claim would be futile, the court assumes Geri-Care does not seek dismissal of the claim on futility grounds.
[6] The parties agree that Maryland law applies.

the amended third-party complaint alleges both economic loss and "risk of injury." (ECF 71 at 4–5). According to its Reply, the "risk of injury" to which Stradis refers is the risk of "eye infection or impairment" from use of Geri-Care eye wash. (*Id.*). It thus appears that Stradis, a vendor of medical supplies, does not claim exception from the economic loss doctrine based on alleged damage to its *own* persons or property, but rather through a public safety exception.

"Maryland courts apply a two-part test to determine if the public safety exception is applicable." *Roy v. Ward Mfg., LLC*, No. CIV.A. RDB-13-3878, 2014 WL 4215614, at *4 (D. Md. Aug. 22, 2014) (citing *Morris v. Osmose Wood Preserving*, 340 Md. 519, 533 (1995)).[7] The court examines "the nature of the damage threatened and the probability of damage occurring to determine whether the two, viewed together, exhibit a clear, serious, and unreasonable risk of death or personal injury." *Id*. Here, Stradis's allegations regarding the risk of injury are pulled from the Food and Drug Administration's ("FDA") recall notice for the Geri-Care eye wash, which states that "[t]he product potentially could be calamitous for any population due to a probability of a potentially threatening eye infection or impairment." (*See* Proposed Am. Compl. ¶¶ 22, 27, ECF 66-2). Whether Stradis can prevail under the public safety exception is not clear. The allegations in the proposed amended complaint may not rise to the level required under Maryland law. But because there is already a strict liability claim in the case, asserted by Keralink for both property damage and economic loss, (*see* ECF 75 at 14–15), the court finds it more efficient to permit the amendment and resolve the viability of this claim at the time of motions for summary judgment.

The court will also permit Stradis to amend its third-party complaint to add the breach of warranty claims. Geri-Care does not argue that the breach of implied warranty claim would be

---

[7] Unpublished opinions are cited for the soundness of their reasoning, rather than any precedential value.

futile, and the court sees no reason to prohibit Stradis from adding this claim. Accordingly, rather than analyze the express warranty claim under the Rule 12(b)(6) standard, the court will permit both claims to go forward at this time.

## CONCLUSION

For the foregoing reasons, Stradis's motion for leave to file an amended third-party complaint will be granted. A separate order follows.

   5/6/20                                                                    /S/     
Date                                                           Catherine C. Blake
                                                             United States District Judge