**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| KERALINK INTERATIONAL, INC., | * | |
| | * | |
| v. | * | Civil No. CCB-18-2013 |
| | * | |
| STRADIS HEALTHCARE, LLC, *et al*. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

Keralink International, Inc. ("Keralink") filed suit against Stradis Healthcare, LLC ("Stradis") and Geri-Care Pharmaceuticals Corporation ("Geri-Care"), alleging tort and contract claims. (ECF 75).[1] Stradis filed a third-party complaint against Insource, Inc. ("Insource") and Geri-Care for contribution, (ECF 10),[2] and Insource filed a crossclaim against Geri-Care, (ECF 45). Now pending is Geri-Care's motion to dismiss Insource's crossclaim, (ECF 49), and Insource's cross motion to strike Geri-Care's motion to dismiss, (ECF 51). The motions are fully briefed and no hearing is necessary. For the reasons explained below, the court will grant Geri-Care's motion, deny Insource's motion, and dismiss the crossclaim without prejudice.

**BACKGROUND**[3]

Keralink, a national network of eye banks, is headquartered in Maryland. (Second Amended Complaint ("SAC") ¶ 6, ECF 75). Keralink recovers and distributes ocular tissue for use in corneal transplants, (*id*.), and purchases the medical supplies it needs to preserve and distribute ocular tissue from various vendors, (*id*. ¶ 10). Stradis, one of Keralink's vendors,

---

[1] Keralink's original complaint brought claims only against Stradis, (*see* ECF 1), but Keralink has since added Geri-Care as a defendant, (*see* ECF 58 (first amended complaint); ECF 75 (second amended complaint)).
[2] Stradis also named as a third-party defendant Kareway Product, Inc. ("Kareway"). (ECF 10). The court, however, dismissed the third-party complaint as to Kareway for lack of personal jurisdiction, (ECF 35, 36), and Kareway is no longer a party to this case.
[3] The procedural history of this case is complex, and the court recites the minimum facts necessary.

1

provided Keralink with surgical packs. (*Id*.). These packs contained supplies that Keralink used to recover corneal tissue from deceased donors. (*Id*. ¶ 13).

This litigation arises from the inclusion of contaminated sterile eye wash ("Geri-Care Eye Wash") in sterile surgical packs Keralink purchased from Stradis. (SAC ¶¶ 16–17). In October 2017, the Eye Bank Association of America notified its members that batches of Geri-Care Eye Wash may be contaminated by bacteria. (*Id*. ¶ 22). As federal regulations prohibit the use of contaminated ocular tissue, Keralink quarantined ocular tissue that had been recovered using Geri-Care Eye Wash. (*Id*. ¶¶ 23–24). All told, Keralink could not use 61 live-cell tissues and 860 long-term tissues that had been exposed to Geri-Care Eye Wash. (*Id*. ¶ 24). Keralink alleges that it has sustained no less than $600,000 in total damages. (*Id*. ¶ 28).

Stradis subsequently filed a third-party complaint against Insource and Geri-Care,[4] seeking indemnification and contribution. (ECF 10). Stradis alleges that Insource "designed, tested, packaged, labeled, manufactured, distributed, supplied and/or produced the GeriCare Eye Wash identified in the Complaint." (*Id*. ¶ 28). Insource filed a crossclaim against Geri-Care, alleging one count of "Breach of Contract and Indemnification Against Geri-Care." (ECF 45). The crossclaim alleges that Insource is a subsidiary of Henry Schein, Inc., and that pursuant to a Continuing Guaranty and Indemnification Agreement, Geri-Care agreed to

> indemnify and hold harmless Henry Schein Inc. or any affiliates or subsidiary thereof against any and all costs, claims, damages, and liabilities as a result of any alleged or actual use or misuse of the Geri-Care products shipped and/or delivered to Henry Schein or as a result of any breach by Geri-Care in connection with the manufacture, development, sale, distribution, storage or dispensing of its products including but not limited to litigation fees and expenses, reasonable attorneys' fees and expenses.

(ECF 45 at 2).

---

[4] Stradis also named Kareway as a third-party defendant, but the court dismissed the claim for lack of personal jurisdiction. *See supra* note 2.

Geri-Care moves to dismiss the crossclaim on the grounds that: (1) Insource does not plead the court's basis for subject matter jurisdiction; (2) the court should not exercise supplemental jurisdiction over the claim; (3) Insource has failed to state a claim on which relief can be granted; and (4) the crossclaim does not comply with Federal Rule of Civil Procedure 13(g). In response, Insource filed a motion to strike Geri-Care's motion. (ECF 51). In addition to disputing each of Geri-Care's arguments for dismissal of the cross claim, Insource argues that Geri-Care's motion to dismiss should be stricken as untimely.

## ANALYSIS

### I. Timeliness of Geri-Care's motion

As an initial matter, the court considers Insource's argument that Geri-Care's motion to dismiss should be stricken as untimely. Insource filed its crossclaim on August 16, 2019, and Federal Rule of Civil Procedure 12(a)(1)(B) states that "[a] party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim." Geri-Care was thus required to respond by September 6, 2019, but did not file its motion to dismiss until September 9, 2019.

Geri-Care asserts that its failure to timely file its motion was due to excusable neglect, and asks the court to grant an after-the-fact extension pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) ("the court may, for good cause, extend the time . . . after the time has expired if the party failed to act because of excusable neglect"). (*See* ECF 54 at 3–4). The court considers four factors in determining whether a party acted with "excusable neglect": (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.

*See In re MI Windows & Doors, Inc., Prod. Liab. Litig.*, 860 F.3d 218, 226 (4th Cir. 2017) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

On balance, the court finds that Geri-Care's late filing was due to excusable neglect. Insource has not alleged that the late filing prejudiced it in any way; the delay was fairly short (three calendar days, or one business day); Geri-Care asserts that the delay was due to counsel's mistaken calculation of the due date; and there is no indication of bad faith. Accordingly, the court declines to strike Geri-Care's motion as untimely.

**II.   Geri-Care's arguments for dismissal**

Geri-Care's motion sets out four reasons that the court should dismiss Insource's crossclaim. As explained below, while one issue alone might not be enough to warrant dismissal of the crossclaim, the combination of several issues leads the court to conclude that dismissal without prejudice is the appropriate course of action here.

A.   Pleading deficiencies

Two of Geri-Care's arguments for dismissal relate to Insource's failure to adhere to pleading requirements: (1) failure to plead subject matter jurisdiction and (2) failure to comply with Rule 13(g). First, Federal Rule of Civil Procedure 8 requires that a pleading stating a claim for relief include "short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The crossclaim contains no such statement. Second, a standalone "crossclaim," like what Insource filed here, (*see* ECF 45), is not one of the accepted forms of "pleadings" delineated by the Federal Rules. *See* Fed. R. Civ. P. 7(a);[5] *see also Kennell v. Avis Budget Grp., Inc.*, No. CIVA WMN-09-833, 2009 WL 2426016, at *4 (D. Md. Aug. 6, 2009).[6] Pursuant to

---

[5] According to Rule 7, only the following "pleadings" are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer. Fed. R. Civ. P. 7(a).
[6] Unpublished opinions are cited for the soundness of their reasoning, rather than any precedential value.

Rule 13(g), the proper way to state a crossclaim is within an acceptable pleading, such as an amended answer. *See* Fed. R. Civ. P. 13(g).

Neither of these deficiencies alone, however, *requires* dismissal. The court has discretion to exercise jurisdiction in the absence of a jurisdictional statement where "[t]he pleading [] either refer[s] to the appropriate jurisdictional statute or contain[s] factual assertions that, if proved, establish jurisdiction." *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999) (citation omitted). Here, the substance of the crossclaim, which alleges a breach of contract claim arising from Geri-Care's potential liability to Keralink, suggests that Insource seeks the court's exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.[7] And courts in this district have held that improper forms of pleading may be accepted when "judicial economy will be served and no unfair prejudice inflicted." *See White Marlin Open, Inc. v. Heasley*, No. CV RDB-16-3105, 2017 WL 467733, at *7 (D. Md. Feb. 3, 2017); *accord Kennell v. Avis Budget Grp., Inc.*, No. CIVA WMN-09-833, 2009 WL 2426016, at *4 (D. Md. Aug. 6, 2009). Accordingly, the court will not dismiss the crossclaim solely on pleading deficiency grounds.

B. Substantive arguments for dismissal

Geri-Care also argues that the crossclaim should be dismissed because (1) the court should decline to exercise supplemental jurisdiction and (2) Insource has failed to state a claim upon which relief can be granted. The court will address each argument in turn.

   i.   *Supplemental jurisdiction*

The supplemental jurisdiction statute provides that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

---

[7] Furthermore, in its motion to strike Geri-Care's motion to dismiss, Insource clarifies its claim that the court has jurisdiction under § 1367. (ECF 51-1 at 5–6).

28 U.S.C. § 1367(a). Importantly, a district court "may decline to exercise supplemental jurisdiction" in certain circumstances, including where "the claim raises a novel or complex issue of State law" or "substantially predominates over" the claims in the original action. *See* § 1367(c)(1)–(2). Geri-Care does not contest that § 1367 confers jurisdiction over Insource's crossclaim. (*See* ECF 54 at 7). Rather, Geri-Care argues that because the crossclaim raises novel or complex issues of state law and predominates over the claims in the action, the court should decline to exercise supplemental jurisdiction here.

Insource's crossclaim alleges that Geri-Care breached its contractual duties under the Continuing Guaranty and Indemnification Agreement. Although Geri-Care describes a number of state law issues that the court would have to address if it were to exercise jurisdiction over the claim, none of them appear "novel," nor do they implicate the kinds of federalism concerns at the core of the "predominates over" inquiry. *See White v. Cty. of Newberry, S.C.*, 985 F.2d 168, 172 (4th Cir. 1993) (a district court invokes the "abstention doctrine" of § 1367(c) to "avoid[] federal overreaching into highly specialized state enforcement or remedial schemes"); *accord Powell v. Aegis Mortg. Corp.*, No. CIV.A. DKC 2006-1198, 2007 WL 98372, at *13 (D. Md. Jan. 11, 2007). Geri-Care notes that the court would need to assess the contract's validity, interpret its terms, and determine which state's law to apply. Such analysis, however, is fairly routine, and any factual questions regarding the contract's formation could be addressed in discovery. The court is thus not persuaded that it should decline to exercise supplemental jurisdiction over the crossclaim.

   ii. *Failure to state a claim*

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to

relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Additionally, although courts "must view the facts alleged in the light most favorable to the plaintiff," they "will not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments'" in deciding whether a case should survive a motion to dismiss. *U.S. ex rel. Nathan v. Takeda Pharm. North Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)).

Geri-Care argues that "Insource has *ipso facto* failed to state a claim upon which relief can be granted" because "the applicable law governing the breach of contract claim cannot be discerned from the face of the Crossclaim." (ECF 49-1 at 8). Indeed, the crossclaim does not include a copy of the contract at issue, contains only minimal details of its terms, and does not specify where the contract was formed. Unless a contract specifies otherwise, a Maryland federal court analyzing a state law contract claim "follows the doctrine of *lex loci contractus*, applying the substantive law of the place where the contract was formed." *See RaceRedi Motorsports, LLC v. Dart Mach., Ltd.*, 640 F. Supp. 2d 660, 665 (D. Md. 2009) (citing *Commercial Union Ins. Co. v. Porter Hayden Co.*, 116 Md. App. 605, 672 (1997)). Here, the parties appear to agree that Exhibits A and B of Geri-Care's motion to dismiss, (ECF 49-2, 49-3), comprise the contract to

which the crossclaim refers. (*See* ECF 49-1 at 5; ECF 51-1 at 9–10). But these documents do not contain choice of law provisions, (*id.*), and Insource's crossclaim does not state where the contract was formed. The court is thus unable to determine whether Insource has adequately stated a claim under the appropriate state's laws.

Accordingly, Insource's failure to plead pertinent details about the contract at issue, combined with the other pleading deficiencies discussed in Part II.A, *supra*, leads the court to conclude that the crossclaim should be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Geri-Care's motion to dismiss will be granted, Insource's motion to strike will be denied, and the crossclaim will be dismissed without prejudice. A separate order follows.

| | |
|---|---|
|   5/14/20   |           /S/           |
| Date | Catherine C. Blake |
| | United States District Judge |