IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KERALINK INTERNATIONAL, INC. | * | |
| v. | * | Civil No. CCB-18-2013 |
| STRADIS HEALTHCARE, LLC | * | |
| | * | |

******************

## MEMORANDUM

Now pending is plaintiff KeraLink International, Inc.'s ("KeraLink") motion for entry of final judgment against defendants Stradis Healthcare, LLC ("Stradis") and Geri-Care Pharmaceutical Corp. ("Geri-Care"). The motion is fully briefed and, for the reasons stated below, it will be granted.

Entry of final judgment under Fed. R. Civ. P. 54(b) requires the court to determine (1) whether the judgment is final and (2) whether there is no just reason for delay. *Braswell Shipyards, Inc. v. Beazer East, Inc*, 2 F.3d 1331, 1335 (4th Cir. 1993). As to the first prong, Stradis does not contest that the judgment is final, but Geri-Care argues that summary judgment was granted in favor of KeraLink as to liability only, not damages. Geri-Care is incorrect. KeraLink's motion for summary judgment clearly sets forth its entitlement to a specific amount of damages: $606,415.49; and that calculation was amply supported by an affidavit and related documents. (ECF 123-1, KeraLink's Mot. for Summary J., at 13-16; ECF 123-26, Buckley Aff., ¶¶ 24-27; ECF 123-40, Ocular Fee Schedule; ECF 123-41, Cost Itemization). In response to KeraLink's motion for summary judgment, Geri-Care contested its liability but never challenged the amount of damages. The judgment is final.

As to the second prong, whether there is no just reason for delay, neither Stradis nor Geri-Care have offered any circumstances that would undercut KeraLink's assertion that there is no such reason. KeraLink has been waiting for years for resolution of its claim, largely because of disputes among Geri-Care, Stradis, and other parties. Further, the court found both Geri-Care and Stradis jointly and severally liable to KeraLink for the judgment. (ECF 141, at 33-34). The only remaining issue in this case—the dispute between Geri-Care and Stradis about contribution and indemnification—does not affect and should not delay KeraLink's right to compensation. Accordingly, I find that the requirements for certification under Rule 54(b) have been met.

In addition to the damages amount of $606,415.49, which includes the value of the contaminated tissue, unusable Stradi-Paks and the costs of employee time, (ECF 123-26 ¶ 27), KeraLink seeks prejudgment interest. Under Maryland law, prejudgment interest properly may be awarded on breach of warranty claims where the plaintiff's losses are liquidated and clearly defined. *Wood Prod., Inc. v. CMI Corp.*, 651 F. Supp. 641, 653 (D. Md. 1986). Similarly, under Maryland law, it is "almost universally recognized that interest is recoverable" upon the value of property tortiously destroyed or damaged. *Robert C. Herd & Co. v. Krawill Mach. Corp.*, 256 F.2d 946, 952 (4th Cir. 1958), *aff'd*, 359 U.S. 297 (1959). "Prejudgment interest *must* be granted where "the obligation to pay and the amount due' were 'certain, definite, and liquidated by a specific date prior to judgment.'" *Parkway 1046, LLC v U.S. Home Corp.*, 961 F.3d 301, 312 (4th Cir. 2020) (quoting *Buxton v. Buxton*, 363 Md. 634, 770 A.2d 152, 165 (2001)). The fact that liability is contested does not preclude prejudgment interest once judgment is reached. *See Parkway 1046,* 961 F.3d at 311-12.

The Maryland Court of Appeals, in reviewing the rules governing the allowance of pre-judgment interest, has noted that "[p]re-judgment interest has been held a matter of right... in

conversion cases where the value of the chattel converted is readily ascertainable." *Harford Cty. v. Saks Fifth Ave. Distribution Co.*, 399 Md. 73, 93 (2007) (citing *Herd & Co.*, 256 F.2d 946). Here, the value of the contaminated and unusable ocular tissue and Stradi-Paks was readily ascertainable, as was the value of employee time through December 15, 2017, as reflected in Mr. Buckley's affidavit. (ECF 123-26 ¶¶ 24-27). The amount sought by KeraLink has been consistent, with minor variations, throughout the course of this litigation. (*Compare* ECF 75, Second Am. Compl. ¶ 55, "in excess of $600,000" *with* ECF 123-1 at 16 and ECF 123-26 ¶ 27 "$606,415.49" *and* ECF 158-1, Mediation Letter Sent Nov. 5, 2019, at 6 "$606,415.49").

Whether as a matter of right, or in the court's discretion, it is clear that KeraLink will not be fully compensated for a known and certain loss without an award of prejudgment interest. Further, KeraLink attempted to resolve this case at an earlier stage; it bears no responsibility for the unfortunate number of motions and separate claims raised by others, principally Geri-Care. The request for prejudgment interest beginning December 17, 2017, is fully justified and will be granted.

A separate Order follows.

\_\_11/2/21\_\_  
Date

_____/S/_____  
Catherine C. Blake  
United States District Judge