# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KERALINK INT'L, INC. | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | |
| | * | |
| STRADIS HEALTHCARE, LLC and | * | |
| GERI-CARE PHARMACEUTICALS | * | |
| CORP. | * | |
| | * | |
| Defendants | * | Civil Action No. CCB-18-2013 |
| | * | |
| STRADIS HEALTHCARE, LLC | * | |
| | * | |
| Third Party Plaintiff | * | |
| | * | |
| v. | * | |
| | * | |
| INSOURCE, INC. and GERI-CARE | * | |
| PHARMACEUTICALS CORP. | * | |
| Third Party Defendants | * | |

******

## MEMORANDUM

Pending before the court is a motion for reconsideration filed by third party defendant Geri-Care Pharmaceuticals Corporation ("Geri-Care") in this products liability action. (ECF 144, Mot. for Recons.). Geri-Care moves the court to reconsider and clarify its September 21, 2021, decision granting summary judgment in favor of Stradis Healthcare, LLC ("Stradis") on the issue of indemnity. For the reasons explained below, the motion will be denied in part and granted in part.

## BACKGROUND

The facts of this case are more fully set out in the court's September 27, 2021, Memorandum, (*see* ECF 141), and the court will recite the minimum facts necessary to resolve the pending motions.

1

This litigation arises from the inclusion of contaminated sterile eye wash ("Geri-Care Eye Wash" or "eyewash"), in surgical packs used to recover corneal tissue. KeraLink International, Inc. ("KeraLink"), a national network of eye banks that recovers and distributes ocular tissue for use in corneal implants, purchased these surgical packs from Stradis ("Stradi-Paks"). After the Eye Bank Association of America in 2017 notified its members that batches of Geri-Care Eye Wash may be contaminated, KeraLink quarantined, and eventually could not use, some ocular tissue that had been recovered using Geri-Care Eye Wash contained in the Stradi-Paks, resulting in monetary damages.

KeraLink initiated this action in July 2018 and, a month later, Stradis filed a third-party complaint against InSource and Geri-Care, seeking indemnification and contribution. (ECF No. 1; ECF No. 10). After discovery, on September 27, 2021, the court ruled on Geri-Care, Stradis, InSource and KeraLink's cross motions for summary judgment. (ECF 141, Mem. on Cross Mot. for Summ. J.; Order; ECF 142, Order on Cross Mot. for Summ. J.). Summary judgment was entered, *inter alia*, in favor of KeraLink against Stradis on liability and damages as to Counts I (Strict Products Liability), II (Breach of Implied Warranty), and III (Breach of Express Warranty) of the Second Amended Complaint; for KeraLink against Geri-Care as to Counts I (Strict Products Liability) and II (Breach of Implied Warranty); and for Stradis against Geri-Care for contribution and indemnification, but not strict liability. Geri-Care has now moved for reconsideration of the court's decision finding Geri-Care owes Stradis tort indemnity (ECF 144), to which Stradis has responded (ECF 154) and Geri-Care has replied (ECF 167).

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits litigants to file a motion to "alter or amend" a court's judgments within twenty-eight days of its entry. Fed. R. Civ. P. 59(e). "Rule 59(e)

2

motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citing *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006) (internal quotations omitted). Geri-Care appears to rely on the third prong.

## DISCUSSION

### I. Indemnity

Geri-Care raises several arguments for the court to reconsider its determination that Stradis was owed indemnification from Geri-Care. The court will address each in turn.

#### a. Tort Indemnity Based on Pleadings

First, Geri-Care contends that the court erred in its decision to grant summary judgment because it relied on the pleadings and not the record. Geri-Care asserts that the court improperly based its decision finding tort indemnity on the pleadings instead of facts contained in the record. *See Bd. of Trustees, Cmty. Coll. of Balt. Cty. v. Patient First Corp.*, 444 Md. 452, 474-75 (2015) (holding that, beyond the motion to dismiss stage of litigation, an "obligation to indemnify... [cannot be] established by the unproven allegations of the complaint").

To the extent that the passages of the court's September 27, 2021, opinion with which Geri-Care takes issue suggest that the court looked only to KeraLink's complaint and not to the record, that is not correct. While it was reasonable for the court to reference and examine the pleadings, the opinion also identifies factual findings in the record which confirm the relevant allegations in the complaint. In denying reconsideration, the court accordingly takes this opportunity to clarify

3

its determination that the evidence in the record demonstrated no genuine dispute of material fact that Geri-Care acted with active negligence while Stradis was merely passively negligent.[1]

### b. Active Versus Passive Negligence

As discussed in the court's opinion on the cross-motions for summary judgment, "Maryland law recognizes a right to indemnity independent of any contract where the character of one tortfeasor's conduct is significantly different from that of another who is also liable for the same damages." *Pyramid Condo. Ass'n v. Morgan*, 606 F. Supp. 592, 595 (D. Md. 1985); (*see also* ECF 141 at 34). The right exists when the "less culpable tortfeasor, said to be passively or secondarily negligent, pays or is held liable for damages which are properly attributable to the conduct of the more culpable co-defendant, who is primarily or actively negligent . . . . This concept is based on the distinction between "active" and "passive," however, not on relative degrees of fault." *Max's of Camden Yards v. A.C. Beverage*, 172 Md. App. 139, 148–49 (2006).

This distinction between types of negligence constituted the basis for the court's determination that Geri-Care, as an actively negligent manufacturer of the non-sterile eyewash, was more culpable than Stradis, a passively negligent entity that repackaged the non-sterile solution into Stradi-Paks. (*See* ECF 141 at 36-37).[2] While Geri-Care disputes the court's determination that it was a manufacturer and Stradis was not, no novel factual or legal arguments are presented in the motion that militate for a reexamination of these determinations. The court's conclusion that a "reasonable jury could conclude that Geri-Care had a duty to test the eyewash for

---

[1] In so doing, the court incorporates all the findings of undisputed fact set forth in the opinion.

[2] As the court noted in its September 27, 2021, memorandum opinion, manufacturers have greater duties to protect consumers than mere sellers of goods. A manufacturer may be held liable when it "should recognize" that the product creates an unreasonable risk of physical harm, which creates a duty to inspect the product. *Eagle-Picher Indus., Inc. v. Balbos*, 326 Md. 179, 198 (1992). This duty may extend to a non-manufacturing seller where the seller does something more than merely to act as a conduit of goods. *See id.* at 203.

4

sterility" because "Geri-Care had the ability to conduct testing, as evidenced by its decision to do so when it began to receive complaints" (ECF 141 at 33) is based on Geri-Care holding itself out as a manufacturer, providing Kareway a Geri-Care logo and distribution statement to place on the bottles, and registering as the exclusive distributor of the eyewash with the FDA (*id.* at 21-22; ECF 118-6, Ex. D, Kleyn Dep. at 11-14, 18, 77, 114; ECF 123-4, Ex. 3, Eyewash Packaging; ECF 123-6, Ex. 5, FDA Distributor Details; ECF 123-9, Ex. 8, Eyewash Design).[3]

Similarly, any claim that Stradis should also be considered a manufacturer is insufficiently supported by the record to allow a jury to conclude Stradis was also subject to a duty to inspect the eyewash. (*See* ECF 141 at 22 (holding that the record established that Stradis acquired the eyewash sealed from InSource and merely repackaged it into larger Stradi-Paks, and the label asserting the Stradi-Paks were manufactured by Stradis could not reasonably be interpreted as Stradis holding itself out as the manufacturer of the Geri-Care-branded eyewash)).

Thus, the factual determination that only Geri-Care, not Stradis, could be considered as a manufacturer supports the court's determination that Geri-Care's active negligence and greater culpability requires indemnification of passively negligent Stradis under Maryland law.

## II.  Clarification Regarding Indemnity Owed

Geri-Care additionally seeks clarification regarding the scope of indemnification owed under the court's September 27, 2021, memorandum and order.

### a. Splitting Indemnification by Claim

---

[3] To the extent that Geri-Care argues that Kareway, the company that bottled the eyewash in Korea, being a manufacturer definitionally excludes Geri-Care from also being considered a manufacturer is plainly incorrect under the relevant statutory definition, which contemplates the possibility of multiple manufacturers of a single item. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-405(a)(2) (providing that a "manufacturer" means any "designer, assembler, fabricator, constructor, compounder, producer, or processor of any product or its component parts" and "includes an entity not otherwise a manufacturer that imports a product or otherwise holds itself out as a manufacturer").

5

Geri-Care next contends that Stradis is not entitled to tort indemnity for liability resulting from Stradis's breach of its own express warranty independently placed on the Stradi-Paks, a claim for which Geri-Care was not found to be liable. The judgment requiring Geri-Care to indemnify Stradis, however, does so on the basis of the active-passive liability distinction discussed in § I, *supra*, and not on any express warranty claim. By receiving summary judgment on both its tort and contract claims, KeraLink prevails on either theory for the full extent of damages resulting from the defendants' tort liability or breach of warranty.[4] And because KeraLink is entitled to all the damages calculated based on their tort claim, Stradis is likewise entitled to indemnification by Geri-Care of the full amount, regardless of the additional basis of liability in contract.

### b. Attorneys' Fees

Finally, Geri-Care requests clarification on its obligations under indemnification to pay attorneys' fees for Stradis. Geri-Care asserts that Stradis has included in its indemnification request $220,950.00 in attorneys' fees and costs accrued for defending against KeraLink's claims. (*See* ECF 144 at 8).

As a general rule, "Maryland follows the American rule which stands as a barrier to the recovery . . . of foreseeable counsel fees incurred in enforcing remedies . . . . Therefore, in the absence of a statute, rule or contract expressly allowing the recovery of attorneys' fees, a prevailing party in a lawsuit may not ordinarily recover attorneys' fees." *Bausch & Lomb Inc. v. Utica Mut. Ins. Co.*, 355 Md. 566, 590 (1999) (internal citation and quotations omitted).

---

[4] While Geri-Care claims that the independent bases for liability would each amount to only a portion, each less than the entirety, of the damages to Keralink, this theory is unsupported by the court's opinion on the cross-motions for summary judgment and by controlling precedent. Additionally, Geri-Care's citation to the unreported *Pansini v. Trane Co.*, No. 17-CV-3948, 2018 WL 2129453 (E.D. Pa. May 9, 2018), is inapposite in these circumstances. There, only the third-party defendant, and not the intermediate seller sued for breaches of warranty and contract, was alleged to have acted negligently, thus not permitting indemnification on the same theory of liability. *Id.* at *1, *7.

In *Max's of Camden Yards v. A.C. Beverage*, the Maryland Court of Special Appeals expressed skepticism that such costs can be recovered by a tort indemnitee. 172 Md. App. at 149. There, the court noted that:

> [I]t is very doubtful, under Maryland law, whether and, if so, when attorney's fees and costs are recoverable in an implied indemnity action. It is highly doubtful, under Maryland law, whether fees and costs are recoverable as part of an indemnity claim based on the active-passive negligence distinction, under any circumstances that may exist in that context.

*Id.* While this passage is dictum, in the absence of a "state statute or a controlling decision directly in point[,] a federal court will attempt to determine what the highest state court would hold if confronted with the same issue." *Sherby v. Weather Bros. Transfer Co.*, 421 F.2d 1243, 1244 (4th Cir. 1970) (citations omitted). The Court of Special Appeals decision in *Max's* is both indicative of what the Maryland Court of Appeals might hold if faced with this decision, and of sound internal logic. *See Chesapeake Bay Found., Inc. v. Weyerhaeuser Co.*, No. 11-PWG-47, 2015 WL 2085477, *14-15 (D. Md. 2015)[5] (considering the dictum in *Max's* and the lack of a statutory or contractual provision for the payment of attorneys' fees as grounds for denying the award of attorney's fees to tort indemnitee). Though Stradis suggests that costs for its own defense also went to defending Geri-Care against KeraLink's complaint, such a claim has no bearing on the legal standard for indemnification of the fees, as the attorneys' fees and associated costs *were never owed* by Stradis to KeraLink. Unlike the damages sustained for the defendants' tort liability, attorneys' fees are neither damages nor owed from the indemnitee to the prevailing party.

## CONCLUSION

For the reasons stated above, the court will deny in part and grant in part Geri-Care's motion for reconsideration. The court has clarified the basis for its earlier holding; and Geri-Care

---

[5] Unpublished opinions are cited for the persuasiveness of their reasoning, not for any precedential value.

must indemnify Stradis to the full extent of the damages Stradis owes KeraLink, but not for attorneys' fees and associated costs.

A separate Order follows.

6/23/22
Date

/s/ Catherine C. Blake
Catherine C. Blake
United States District Judge