IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KERALINK INT'L, INC. | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | |
| | * | |
| STRADIS HEALTHCARE, LLC and | * | |
| GERI-CARE PHARMACEUTICALS | * | |
| CORP. | * | |
| | * | |
| Defendants | * | Civil Action No. CCB-18-2013 |
| | * | |
| STRADIS HEALTHCARE, LLC | * | |
| | * | |
| Third Party Plaintiff | * | |
| | * | |
| v. | * | |
| | * | |
| INSOURCE, INC. and GERI-CARE | * | |
| PHARMACEUTICALS CORP. | * | |
| Third Party Defendants | * | |

******

## MEMORANDUM

Pending before the court is a motion for reconsideration filed by defendant Stradis Healthcare, LLC ("Stradis") in this products liability action. (ECF 183, Mot. for Recons.). Stradis moves the court to reconsider its decision issued June 23, 2022, which held that Stradis was not entitled to its attorneys' fees and costs accrued from defending itself against KeraLink's claims. (ECF 181, Mem.). Also pending is a motion for entry of final judgment by Geri-Care Pharmaceuticals Corporation ("Geri-Care"). (ECF 186, Mot. for Final J.). For the reasons explained below, the court will deny Stradis's motion and grant Geri-Care's motion.

## BACKGROUND

The facts of this case are more fully set out in the court's prior memoranda (ECFs 141, 181), and the court will recite the minimum facts necessary to resolve the pending motions.

1

This litigation arises from the inclusion of contaminated sterile eye wash ("Geri-Care Eye Wash" or "eyewash"), in surgical packs used to recover corneal tissue. KeraLink International, Inc. ("KeraLink"), a national network of eye banks that recover and distribute ocular tissue for use in corneal implants, purchased these surgical packs from Stradis ("Stradi-Paks"). After KeraLink learned that batches of Geri-Care Eye Wash may be contaminated, KeraLink quarantined, and eventually could not use, some ocular tissue that had been recovered using Geri-Care Eye Wash contained in the Stradi-Paks, resulting in monetary damages.

KeraLink initiated this action in July 2018 and, a month later, Stradis filed a third-party complaint against InSource and Geri-Care, seeking indemnification and contribution. (ECF 1; ECF 10). After discovery, on September 27, 2021, the court ruled on Geri-Care, Stradis, InSource and KeraLink's cross motions for summary judgment. (ECF 141, Mem. on Cross Mot. for Summ. J.; Order; ECF 142, Order on Cross Mot. for Summ. J.). Summary judgment was entered, *inter alia*, in favor of KeraLink against Stradis on liability and damages as to Counts I (Strict Products Liability), II (Breach of Implied Warranty), and III (Breach of Express Warranty) of the Second Amended Complaint; for KeraLink against Geri-Care as to Counts I (Strict Products Liability) and II (Breach of Implied Warranty); and for Stradis against Geri-Care for contribution and indemnification, but not strict liability.

Geri-Care moved the court to reconsider its decision requiring Geri-Care to indemnify Stradis for its tort liability. (ECF 144, Geri-Care Mot. for Recons.). The court clarified that Geri-Care must indemnify Stradis to the full extent of the damages Stradis owes KeraLink, but not for attorneys' fees and associated costs. (ECF 181, Mem.)

Stradis now moves the court to reconsider its decision exempting attorneys' fees from the amount Geri-Care must pay to indemnify Stradis.

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 59(e) permits litigants to file a motion to "alter or amend" a court's judgments within twenty-eight days of its entry. Fed. R. Civ. P. 59(e). "Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citing *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006) (internal quotations omitted). Stradis relies on the third prong in the present motion.

A final judgment is "one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Calderon v. GEICO Gen. Ins. Co.*, 754 F.3d 201, 204 (4th Cir. 2014) (quoting *Ray Haluch Gravel Co. v. Central Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs,* 571 U.S. 177, 183 (2014)).

**DISCUSSION**

**I.     Attorneys' Fees and Costs**

Stradis seeks indemnification of approximately $220,950.00 in attorneys' fees and costs accrued for defending against KeraLink's claims. In its prior decision, the court explained that "Maryland follows the American rule which stands as a barrier to the recovery . . . of foreseeable counsel fees incurred in enforcing remedies . . . . Therefore, in the absence of a statute, rule or contract expressly allowing the recovery of attorneys' fees, a prevailing party in a lawsuit may not ordinarily recover attorneys' fees." *Bausch & Lomb Inc. v. Utica Mut. Ins. Co.*, 355 Md. 566, 590 (Md. 1999) (internal citation and quotations omitted).

Specifically, the court cited *Max's of Camden Yards v. A.C. Beverage*, 172 Md. App. 139, 149 (Md. Ct. Spec. App. 2006), where the Maryland Court of Special Appeals[1] doubted whether a tort indemnitee could recover attorneys' fees and costs. Stradis contends the court erred in relying on *Max's* because the procedural posture of that case is too dissimilar to this dispute. For example, Stradis notes that *Max's* dealt with a "separate indemnity action" to recover fees and costs incurred in defending against a prior tort suit. *Id.* at 157. But is unclear why that distinction matters. Stradis's attempt to limit the relevant analysis in *Max's* to the facts of that case is unavailing because this court need not identify authority with *identical* facts. With no relevant state statute or "controlling decision directly in point," *Sherby v. Weather Bros. Transfer Co.*, 421 F.2d 1243, 1244 (4th Cir. 1970), this court merely needs to predict what "the highest state court would hold if confronted with the same issue." *Id.* The court may even consider *dicta* so long as no conflict exists with other decisions of the highest court. Stradis cites no authority contrary to the legal proposition in *Max's*. Nor does Stradis identify any case law rebutting Maryland's general presumption that "the American rule," *Bausch & Lomb Inc*, 355 Md. at 590, prevents recovery of attorneys' fees. So, the court remains convinced that Stradis is not entitled to attorneys' fees or costs in its indemnification claim against Geri-Care. Accordingly, the court will deny Stradis's motion for reconsideration.

## II. Entry of Final Judgment

With Stradis's motion for reconsideration resolved, no pending motions or actions for the court remain as to Count I of the Amended Third-Party Complaint. Accordingly, the court will grant Geri-Care's motion for final judgment.

---

[1] The Maryland Court of Special Appeals is now named the Appellate Court of Maryland.

**CONCLUSION**

For the reasons stated here, the court will deny Stradis's motion for reconsideration (ECF 183) and grant Geri-Care's motion for final judgment (ECF 186).

A separate Order follows.

  1/23/2023  
Date

    /s/    
Catherine C. Blake  
United States District Judge