IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KERALINK INT'L, INC., <br><br> v. <br><br> STRADIS HEALTHCARE, LLC, *et al*. | Civil Action No. CCB-18-2013 |

### MEMORANDUM

Pending before the court is Keralink's Bill of Costs. Defendants Stradis Healthcare and Geri-Care Pharmaceuticals opposed the Bill of Costs, and Keralink replied. The issue has been fully briefed and no oral argument is necessary. *See* Local Rule 105.6. For the reasons that follow, the court will grant in part and deny in part Keralink's Bill of Costs.

### BACKGROUND

After several years of litigation, the court entered a Final Judgment in this case in favor of Keralink on November 2, 2021. Final J., ECF 166. The court subsequently resolved disputes between the defendants and entered a Final Judgment on the indemnification issues. Order Granting Mot. for Final J., ECF 195. After the defendants' appeal of the initial Final Judgment was denied, Keralink filed a Bill of Costs to tax its litigation costs from the defendants. Bill of Costs, ECF 206. Stradis opposed the Bill only to the extent that the obligation to pay costs be split equally between the defendants. Stradis's Opp'n to Bill of Costs, ECF 208 ("Stradis Opp'n"). Geri-Care also opposed the Bill, arguing that Keralink sought to tax costs that were not necessarily incurred in the litigation, including for copies of documents and expedited and multiple versions of deposition transcripts. Geri-Care's Opp'n to Bill of Costs, ECF 209 ("Geri-Care Opp'n"). Geri-Care agreed with Keralink that the taxed costs should be split between the defendants. *Id.* at 5.

1

Keralink replied, contending that all its requested costs were taxable. Reply in Supp. of Bill of Costs, ECF 214 ("Reply").

## LEGAL STANDARDS

The prevailing party is generally permitted to recover costs of litigation other than attorney's fees. Fed. R. Civ. P. 54(d)(1). Taxable costs include "fees of the clerk and marshal," "fees for printed or electronically recorded transcripts necessarily obtained for use in the case," "fees and disbursements for printing and witnesses," "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case," "docket fees," and "compensation of court appointed experts" or other similar court-related services. 28 U.S.C. § 1920. Generally, costs are taxed by the Clerk of Court, and this District has prepared non-binding Guidelines "to assist parties in properly filing bills of costs." Guidelines for Bills of Costs (D. Md., 4th ed. 2022) ("Guidelines").

## ANALYSIS

The parties dispute three issues related to the Bill of Costs: (1) copies; (2) deposition transcripts; and (3) division of taxation.

**I. Copies**

Costs for copies or exemplification are taxable if they were "necessarily obtained for use in the case." 28 U.S.C. § 1920; see Guidelines §§ II(G), II(H). Copies need not be used in dispositive motions or at trial; "the costs of exemplifications and copies in discovery are taxable under § 1920(4)." *Country Vintner of North Carolina, LLC v. E. & J. Gallo Winery, Inc.*, 718 F.3d 249, 258 (4th Cir. 2013). To recover costs, the prevailing party must make "a sufficient showing for the court to exercise its discretion to determine that these costs are properly reimbursable rather

2

than incurred simply as a 'convenience' to counsel." *Simmons v. O'Malley*, 235 F. Supp. 2d 442, 444 (D. Md. 2002); *see Ramonas v. W. Va. Univ. Hospitals-East, Inc.*, No. JPB-08-cv-136, 2010 WL 3282667, at *7 (N.D.W. Va. Aug. 19, 2010).[1] All submissions for costs of copies should explain "the document copied," "the number of pages in the document," "the number of copies made," "the per page rate," and "the total cost." Guidelines §§ II(H)(3)(a)-(e). And in the case of discovery-related copy costs, the prevailing party should also "explain how the costs were necessarily obtained for use in the case." *Id.* § II(H)(1)(h).

Keralink's copy invoice describes the total copy quantity and price per copy, but otherwise lacks specificity. Bill of Costs Ex. D, ECF 206-5 ("Copy Invoice"). In its supporting memorandum, Keralink explains that the copied documents were "generated by Keralink during its investigation" for regulatory compliance regarding the issues that "prompted this litigation," and that the copies were part of its effort "to collect, review, and organize potentially relevant documents in preparation for written discovery." Mem. in Supp. of Bill of Costs at 5, ECF 206-1 ("Mem."). In its reply, Keralink further explains that the documents were "a hardcopy of the [regulatory] document production" which its counsel "needed to review . . . for privilege." Reply at 1-2. The copies at issue were ordered on August 1, 2019. Copy Invoice.

The cost of Keralink's copies is not taxable because the copies were not "necessarily obtained for use in the case." With regard to discovery, only copies that were actually produced to the opposing party are taxable; copies that counsel used to conduct its document review are not necessary for litigation and were made only for counsel's convenience. *Country Vintner*, 718 F.3d at 260; *see Simmons*, 235 F. Supp. 2d at 444. In reasoning the Fourth Circuit found "persuasive,"

---

[1] Unpublished opinions are cited for the soundness of their reasoning rather than any precedential value.

the Third Circuit explained:

> [t]he process employed in the pre-digital era to produce documents in complex litigation . . . involved a number of steps essential to the ultimate act of production. First, the paper files had to be located. . . . The documents, or duplicates of the documents, were then reviewed to determine those that may have been relevant. The files designated as potentially relevant had to be screened for privileged or otherwise protected material. Ultimately, a large volume of documents would have been processed to produce a smaller set of relevant documents. None of the steps that preceded the actual act of making copies in the pre-digital era would have been considered taxable. And that is because Congress did not authorize taxation of charges necessarily incurred to discharge discovery obligations. It allowed only for the taxation of the costs of making copies.

*Country Vintner*, 718 F.3d at 260 (quoting *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 169 (3d Cir. 2012)). Keralink plainly states that the copies were acquired "to collect, review, and organize potentially relevant documents *in preparation for* written discovery." Mem. at 5 (emphasis added). Keralink does not claim that these copies were the ones provided to the defendants.[2] Instead, the documents actually produced were provided "*[a]s a result of* [Keralink's] investigation and collection of documents for the purposes of this litigation." *Id.* Buttressing this conclusion, the copy order placed on August 1, 2019, predated discovery. *See* Copy Invoice; Mem. to Counsel re: Scheduling, ECF 62 (setting in conference for scheduling discovery on December 16, 2019). Making copies of documents to ease an attorney's review in advance of discovery is the essence of a "convenience to counsel." *Simmons*, 235 F. Supp. 2d at 444; *see Thomas v. Treasury Mgmt. Ass'n, Inc.*, 158 F.R.D. 364, 372 (D. Md. 1994). Keralink's copies, though of documents that otherwise appeared in the litigation, were not "necessarily obtained for use in the case" and are not taxable. 28 U.S.C. § 1920. The court will reduce the number of taxable copies to zero.

---

[2] Geri-Care asserts, and Keralink does not dispute, that discovery was produced electronically. Geri-Care Opp'n at 3.

4

**II. Deposition Transcripts**

Geri-Care opposes taxation of the costs of expedited and duplicative copies of deposition transcripts. Additionally, the court notes that Keralink seeks reimbursement for charges other than the transcripts themselves.

    A. **Expedited Transcripts**

The cost of expediting a transcript is taxable when the prevailing party can show that expedition was necessary. *Whalen v. Rutherford*, No. GEC-12-cv-32, 2013 WL 5591933, at *1 (W.D. Va. Oct. 10, 2013). Keralink contends that it needed to expedite Sokol's transcript because his deposition was taken on September 4, 2020, and, at the time of ordering, its motion for summary judgment was due on September 21, 2020. Mem. at 4 & n.1. The court finds that the looming September 21st deadline rendered expedition necessary. *See Ford v. Zalco Realty, Inc.*, 708 F. Supp. 2d 558, 562 (E.D. Va. 2010) (expedited transcripts were necessary and taxable when depositions were taken within two weeks of the date of filing a motion for summary judgment). The court will allow taxation of the cost of the expedited transcript copy from defendants.

    B. **Additional Transcripts**

The cost of only one version of each transcript is taxable, and, "absent a request to the contrary, the Clerk will tax the cost of the printed deposition transcript over an electronic media deposition when a party requests taxation of both versions and does not include an explanation of why both versions were necessary for use in the case." Guidelines § II(D)(1) note 1 & 2. Keralink does not explain why both printed and digital versions of the Sokol deposition or condensed versions of all three depositions were necessary. The court will thus reduce the taxable costs by the amount of the digital Sokol transcript, $35.00, and the three condensed transcripts, $25.00 for Tom Buckley, $30.00 for Leah Kleyn, and $20.00 for Sokol. *See* Bill of Costs Ex. C, ECF 206-4.

Keralink's Bill of Costs also includes other ancillary fees such as "handling," "processing," and a "litigation support package." *See id.* Keralink similarly fails to explain why these additional costs were necessary for litigation or that they are properly compensable. Courts in this district regularly deny supplemental transcript costs such as shipping. Guidelines § II(D)(2)(e); *see United States ex rel. Parks v. Alpharma Inc.*, No. RDB-06-cv-2411, 2011 WL 13199241, at *1 n.1 (D. Md. Dec. 6, 2011); *Grochowski v. Sci. Applications Int'l Corp.*, No. ELH-13-cv-3771, 2017 WL 121743, at *2, 4 (D. Md. Jan. 12, 2017). The court will therefore further reduce the taxable costs by: (1) $45.00 for "processing and compliance" for Buckley; (2) $39.00 for a "litigation support package" and $65.00 for "handling, processing & archiving" for Kleyn; and (3) $25.00 for processing and compliance and $35.50 for shipping for Sokol. Bill of Costs Ex. C. These reductions total to $319.50.

### III. Division of Taxation

The court's indemnification ruling is currently on appeal to the Fourth Circuit. *See Geri-Care Pharms. Corp. v. Stradis Healthcare, LLC*, No. 23-1181 (4th Cir. 2023). In keeping with its prior ruling and given the pending status of the defendants' appeals, the court will order that Keralink's costs be split equally between Geri-Care and Stradis. Under the court's indemnification ruling, Geri-Care must indemnify Stradis for the costs it owes to Keralink. *See* Mem. Op. at 7-8, ECF 181.

### CONCLUSION

For the reasons stated above, the court will grant in part and deny in part Keralink's Bill of Costs. The court will permit taxation of the $400.00 complaint filing fee, $745.70 charge for the deposition transcript of Tom Buckley with exhibits, $610.70 charge for the deposition transcript

of Leah Kleyn with exhibits, $1,738.80 charge for the expedited deposition transcript of Adam Sokol with exhibits, and $33.00 costs shown on the Mandate of the Court of Appeals, for a total of $3,528.20. The costs will be apportioned equally between Stradis and Geri-Care; each defendant will be taxed $1,764.10. Geri-Care must indemnify Stradis for its portion of the costs.

    A separate order follows.

    10/23/2023                                                            /s/
Date                                                                              Catherine C. Blake
                                                                                     United States District Judge